## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## DEL RIO DIVISION

| | | |
|---|---|---|
| **MARTIN P. URIEGA AND JOSE A. BARRERA,** | § | |
| **PLAINTIFFS** | § | **CASE NO. 2:20-cv-57** |
| | § | *(Jury requested)* |
| **v.** | § | |
| | § | |
| **RINAT JAKIPOV AND TIME EXPRESS, INC.** | § | |
| **DEFENDANTS** | § | |

### DEFENDANT RINAT JAKIPOV'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b)

PLEASE TAKE NOTICE that Defendant, RINAT JAKIPOV, hereby removes to this Court the state court action described below, and files this Notice of Removal:

### I.   BACKGROUND

1.      Plaintiffs Martin P. Uriega and Jose A. Barrera are residents of Val Verde County, Texas.[1] Defendant Rinat Jakipov is an individual residing in Philadelphia, Pennsylvania.[2]

2.      On August 21, 2020, an action was commenced in the District Court of the 365th Judicial District of Maverick County, Texas under Cause No. 20-08-39165-MCVAJA; *Martin P. Uriega and Jose A. Barrera v. Rinat Jakipov and Time Express, Inc.*[3] Defendant was served on September 15, 2020. Defendant filed his Answer in State court on October 15, 2020.

3.      Defendants have attached the required state court documents pursuant to 28 U.S.C. § 1446 (a).[4]

4.      As for venue, venue is proper in this District under 28 U.S.C. § 1441(a) because this District and Division embrace the place where the removed action has been pending. The incident made the basis of Plaintiffs' Petition is a June 13, 2019 motor vehicle accident which

---

[1]   *See* Plaintiff's Original Petition at Section I, attached as **Exhibit A**.
[2]   *Id*.
[3]   *Id*.
[4]   *See* State Court Documents attached as **Exhibit B**.

occurred in Eagle Pass, Maverick County, Texas.

5.     Defendant will promptly file a copy of this Notice of Removal with the Clerk of the state court where the action has been pending.

6.     All defendants to this matter have consented to this removal.

7.     As set forth in detail below, this Court has original jurisdiction over this civil action pursuant 28 U.S.C.A. § 1332 and the action may therefore be removed to this Court pursuant to 28 U.S.C.A. §§ 1441(b); 1446(c).

## II.   BASIS FOR REMOVAL

8.     The Federal Court's basic diversity jurisdiction extends to "all civil actions where the matter in controversy exceeds...$75,000...and is between...citizens of different states."[5] This action may therefore be removed to this Court pursuant to 28 U.S.C.A. § 1441(a)(b) because:

  a.     it is a civil action between Plaintiffs, citizens of Texas, and Defendants who are citizens of Pennsylvania and Illinois[6]; and

  b.     it is a civil action wherein the amount in controversy exceeds the sum of $75,000 exclusive of costs and interest.[7]

9.     A civil case filed in state court may be removed by the defendant to Federal Court if the case could have been originally brought in Federal Court.[8] Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant.[9] Here, Plaintiffs are citizens of Texas. Defendant Jakipov is a citizen of Pennsylvania. Defendant Time Express, Inc. is a corporation organized under the laws of Illinois with its principal place of business in Illinois. Pursuant to 28 U.S.C. §1332(c), Time Express, Inc. is considered a citizen of Illinois. Therefore, there is complete diversity of citizenship between Plaintiffs and Defendants.

---

[5]   28 U.S.C. § 1332(a)(1).
[6]   *Id.*
[7]   *See* Plaintiffs' Original Petition at Section 1.0 ("Plaintiffs seek monetary relief in an amount exceeding $1,000,000.00.).
[8]   28 U.S.C. § 1332(a).
[9]   *Tapscott v. MS Dealer Service Corp.,* 77 F.3d 1353, 1355 (11th Cir.1996).

10.     The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant…of a copy of the initial pleading.[10] Here, Defendant Jakipov was served on September 15, 2020 and filed this removal on October 15, 2020, a timely removal under the statute. Therefore, Defendant is compliant with Section 1446(b)(1).

### III.     AMOUNT IN CONTROVERSY

11.     Removal is proper when there is complete diversity of citizenship between the true parties to the lawsuit and the amount in controversy exceeds Seventy-Five Thousand Dollars exclusive of costs and interest ($75,000).[11] In *De Aguilar v. Boeing Co.*, the Fifth Circuit held that when a defendant removes such a case, the defendant then has the burden to prove that the amount in controversy actually exceeds the jurisdictional amount.[12] The *De Aguilar* Court went on to hold that to remand to state court, the plaintiff must establish as a matter of law that, if successful, it would not be able to recover more than the jurisdictional amount.[13]

12.     In determining whether the amount in controversy exceeds $75,000, courts must consider the full litany of damages that a plaintiff is seeking, including statutory and punitive damages.[14] As applied here, Defendant Jakipov can meet his burden to prove that the amount in controversy in this case exceeds the federal jurisdictional requirement of $75,000 based on the clear language of Plaintiffs' pleadings. In Section 1.0 of Plaintiffs' Original Petition, it states that "Plaintiffs seek monetary relief in an amount exceeding $1,000,000"[15] Therefore, the evidence is sufficient for Defendant Jakipov to meet his burden to prove that the amount in controversy exceeds the removal requirement of $75,000.

---

[10]     28 U.S.C.A. §1446(b).
[11]     28 U.S.C.A. §1332(a).
[12]     *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1410-11 (5th Cir. 1995).
[13]     *Id* at 1411.
[14]     *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253-54 (5th Cir. 1998); *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996).
[15]     *See* Plaintiffs' Original Petition at 1.0.

## IV.    <u>CONCLUSION</u>

13.    Based on diversity of citizenship and satisfaction of the amount in controversy requirement, removal to Federal Court is proper.[16] Plaintiffs are citizens of the state of Texas. Defendants are citizens Pennsylvania and Illinois. In addition, Plaintiffs have admitted in their pleadings that they place a value of their damages in excess of the $75,000 amount in controversy. As a result, diversity of citizenship is clear from the pleadings and evidence.

WHEREFORE PREMISES CONSIDERED, based on the Petition, evidence and the diverse citizenships of the parties, this Court has original jurisdiction of this action under 28 U.S.C.A. § 1332 and removal of the action to this Court is proper under 28 U.S.C.A. § 1441(a).

Respectfully submitted,

By:  /s/ Larry J. Goldman
      LARRY J. GOLDMAN
      Federal ID No. 341
      State Bar No. 08093450

      GOLDMAN & PETERSON, PLLC
      10100 Reunion Place, Suite 800
      San Antonio, Texas 78216
      Telephone:     (210) 340-9800
      Facsimile:      (210) 340-9888

      ATTORNEY FOR DEFENDANT
      RINAT JAKIPOV

---

[16]    28 U.S.C. § 1332(a); *Darden v. Ford Consumer Fin. Co*., 200 F.3d 753, 755 (11th Cir. 2000); *Laughlin v. K-Mart Corp*., 50 F.3d 871, 873 (10th Cir. 1995).

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on the 15th day of October, 2020.

Mr. Hector Gonzalez
GONZALEZ & ASSOCIATES, P.C.
269 N. Ceylon Street
Eagle Pass, Texas 78852

By:_ /s/ Larry J. Goldman _____
    LARRY J. GOLDMAN